USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK.

------------------------------------------------------------- X
:
GOLD IP LLC :
:
: **MEMORANDUM ENDORSED**
:
Plaintiff(s) : 1:21-cv-04788-GHW
:
:
- v - : **STIPULATED**
: **CONFIDENTIALITY**
: **AGREEMENT AND**
AUGURY, INC. : **PROTECTIVE ORDER**
:
:
Defendant(s) :
:
:
------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

    1.    With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly

1

permitted hereunder:

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential or Highly Confidential material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) trade secrets, customer and pricing lists, business plans, and other valuable research, development, commercial, financial, technical, and/or proprietary information;

(e) confidential contracts, agreements, licenses, or vendor information;

(f) confidential information related to patents or other intellectual property;

(g) confidential information of a third party that a party has an obligation to maintain as confidential;

(h) information privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law;

(i) any information of a personal or intimate nature regarding any individual;

(j) any information a party in good faith believes has been maintained in a confidential, non-public manner, and there is good cause why its disclosure should be restricted under this Order; or

(k) any other category of information given confidential status by this Court

after the date of this Order.

   3.  The Producing Party may designate as "Highly Confidential" any Discovery Material that it reasonably and in good faith believes meets at least one criteria in Paragraph 2 and for which the Producing Party reasonably believes that such Discovery Material comprises (a) trade secrets or (b) highly confidential, non-public, personal or proprietary business information, the disclosure of which would be especially detrimental or harmful to the producing party if disclosed beyond the limited class of permitted recipients delineated herein.

   4.  With respect to Confidential or Highly Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such Discovery Material as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking it as "Confidential" or "Highly Confidential" in a manner that will not interfere with its legibility or audibility.

   5.  A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential [or Highly Confidential] Information Governed by Protective Order;" or (b) notifying the reporter and counsel of record, in writing, within 3 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential." During the 3-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

   6.  If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential any Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by

notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within two business days of providing such notice.

      7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

      8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)    the Parties to this action, their insurers, and counsel to their insurers;

    (b)    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c)    in-house counsel of a Party to whom disclosure is reasonably necessary for this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    (d)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (e)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    (f)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, or a custodian or

      other person who otherwise is reasonably believed to have possessed or known the information;

(g)  during their depositions, witnesses, and attorneys for witnesses, in the Action who are affiliated with the Producing Party;

(h)  any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, and their staff, assistants, or employees to whom disclosure is reasonably necessary for this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i)  stenographers engaged to transcribe depositions the Parties conduct in this action; and

(j)  professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action, provided that a Non-Disclosure Agreement is first executed in the form annexed as Exhibit A hereto;

(k)  this Court, including any appellate court, its support personnel, and court reporters.

9.  Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "Highly Confidential" only to those individuals or parties identified in 7(b)-(k).

10.  Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(c), 7(e), 7(h), or 7(j) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and (in the case of a

witness or expert) produce it to opposing counsel before such person is permitted to testify at deposition or trial.

    11. This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

    12. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Highly Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential or Highly Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

14. Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

15. The Parties acknowledge that production of source code implicates additional risks and burdens beyond those addressed in this Order. The Parties do not anticipate any need to produce source code at this time, but in the event that any Party should ultimately request the production of source code from another Party or Third Party, the Parties will first meet and confer to establish an appropriate set of protections to govern the disclosure of any such source code and propose those protections to the Court as a supplemental protective order or as an amendment to this Order. If the Parties cannot reach agreement, the dispute will be presented to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

16. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17. Nothing in this Order will prevent any Party from producing any

Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. To the extent that any discovery is requested from persons or entities who are not Parties to this Action ("Third Parties"), such Third Parties may designate any Discovery Material provided in response to such requests as "Confidential" or "Highly Confidential" subject to the provisions of this Order, and such Discovery Material shall be treated in accordance with the provisions of this Order.

20. The production or disclosure of any information (including documents) that a Producing Party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection. A party or non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return. When a Producing Party identifies such information as privileged or protected, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to immediately retrieve the information from others to which the Receiving Party disclosed the information; (3) shall within five (5) business days of the Producing Party's request: (a) return the

8

information and all copies thereof to the Producing Party; or (b) destroy and confirm to the Producing Party in writing that the information and all copies thereof have been destroyed. No one shall use the fact or circumstances of production of the information that the Producing Party later claims should not have been produced to argue that any privilege or protection has been waived.

21. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential or Highly Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

22. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

23. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

For Plaintiff: /s/ David J. HoffmanFor Defendant: /s/ *Josh Woods*

Dated: 5/3/2022Dated: 5/2/2022

SO ORDERED.

Dated: May 3, 2022
New York, New York_____
GREGORY H. WOODS
United States District Judge

10

<u>Exhibit A</u>
to Stipulated Confidentiality
Agreement and Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK.

---------------------------------------------------------------- X
:
GOLD IP LLC :
:
:
Plaintiff(s) :  1:21-cv-04788-GHW
:
- v - : **<u>STIPULATED</u>**
: **<u>CONFIDENTIALITY</u>**
AUGURY, INC. : **<u>AGREEMENT AND</u>**
: **<u>PROTECTIVE ORDER</u>**
:
Defendant(s) :
:
---------------------------------------------------------------- X

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material that has been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                                                                              _____
                                                                                                              Name:
                                                                                                              Date: