**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **GOLD IP LLC,**<br>**Plaintiff,** | )<br>) | |
| | ) | **Civil Action No. 1:21-cv-04788** |
| **v.** | )<br>) | |
| **AUGURY, INC.,**<br>**Defendant.** | )<br>) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S SECOND AMENDED**
**COMPLAINT FOR PATENT INFRINGEMENT**

Gold IP LLC ("Gold IP") files this Second Amended Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 6,848,314 ("the '314 patent") (referred to as the "Patent-in-Suit") by Augury, Inc. ("Augury"). The parties jointly stipulate to the filing of this Second Amended Complaint.

## I. THE PARTIES

1. Plaintiff Gold IP is a Texas Limited Liability Company with its principal place of business located in Harris County, Texas.

2. On information and belief, AUGURY is a corporation existing under the laws of the State of Delware, with a principal place of business located at 263 West 38th Street, 16th floor, New York, NY 1018. On information and belief, AUGURY sells and offers to sell products and services throughout New York, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in New York and this judicial district. Defendant was served with the original complaint in this case no earlier than August 17, 2021.

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of New York and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in New York and this District.

## III. INFRINGEMENT

### A. Infringement of the '314 Patent

6. On February 1, 2005, U.S. Patent No. 6,848,314 ("the '314 patent", attached as Exhibit A) entitled "Data Receiving Device for Use in an Impulse-Based Data Transmission System" was

duly and legally issued by the U.S. Patent and Trademark Office. Gold IP LLC owns the ’314 patent by assignment.

7. The ’314 patent relates to novel and improved devices, systems and methods related to impact sensitive transducers.

8. Defendant makes, uses, offers for sale and seels impact sensitive transducers through its salesforce, website, and other sources, that infringe one or more claims of the ‘314 patent, including one or more of claims 1-11, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the ‘314 Patent into service (i.e., used them); but for Defendant’s actions, the claimed-inventions embodiments involving Defendant’s products and services would never have been put into service. Defendant’s acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant’s procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table attached as Exhibit B.

10. These allegations of infringement are preliminary and are therefore subject to change.

11. AUGURY has caused and will continue to cause Gold IP damage from its direct infringement of the claims of the ‘314 patent.

## IV. JURY DEMAND

Gold IP hereby requests a trial by jury on issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, Gold IP prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the ‘314 patent;

b. award Gold IP damages in an amount sufficient to compensate it for Defendant's infringement of the '314 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Gold IP an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Gold IP its attorneys' fees, expenses, and costs incurred in this action;

e. award Gold IP such other and further relief as this Court deems just and proper.

f.

Dated: September 21, 2022

Respectfully Submitted

Ramey LLP

/s/William P. Ramey III
William P. Ramey, III (pro hac vice)
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

David J. Hoffman
254 W 15th St., Apt. 2C
New York, New York 10011
(917) 701-3117 (telephone)
djhoffman@djhoffmanlaw.com

***Attorneys for Gold IP LLC***

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of September 21, 2022, with a copy of the foregoing via ECF.

/s/ William P. Ramey III
William P. Ramey, III